## Wilson *v.* Philadelphia et al.

Argued June 28, 1935. Before FRAZER, C. J., SIMP-
SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*John P. Connelly,* for plaintiff.

*William T. Connor,* for Commissioners of Philadelphia
County.

48

*Charles J. Margiotti,* Attorney General, with him *Edward Friedman, E. Russell Shockley,* Deputy Attorneys General, and *George W. Keitel,* Assistant Deputy Attorney General, for intervening defendant.

PER CURIAM, June 29, 1935:

In this case we took original jurisdiction of a taxpayer's bill for an injunction against a municipal corporation—the County of Philadelphia—and the commissioners thereof. The purpose of these proceedings is to test the constitutionality of the Act of June 14, 1935, commonly known as the Party Raiding Act. After filing of the bill and answer, we granted the petition of the secretary of the Commonwealth to intervene on behalf of defendants.

The Act of June 14, 1935, amends sections 6 and 8 of the Act of July 12, 1913, P. L. 719, by requiring each candidate for the office of United States Senator or Representative in Congress or for any state, county, city, borough, incorporated town, township, school or poor district office (except judge of a court of record) to include in the affidavit filed with his nomination petition a statement that he is not a candidate for nomination for the same office of any party other than the one designated in such petition. The act also provides that in no event shall the name of any person consenting to be a candidate for nomination for any one office (except the office of judge of a court of record) be printed as a candidate for such office upon the official primary ballot of more than one party. Plaintiff's bill seeks to enjoin the commissioners of the County of Philadelphia from carrying into effect the provisions of the act or from disbursing any funds for that purpose. The bill avers that the act in question is in violation of the Constitution of Pennsylvania because it creates an unreasonable restriction upon freedom in voting, that it is "a special form of class legislation discriminatory in its nature" in that it excludes judges of a court of record from its provisions,

and that it is a violation of the well defined and settled practice in relation to the election laws of the Commonwealth of Pennsylvania.

We are not impressed with or convinced by any of plaintiff's grounds for attacking the act. At the most plaintiff's arguments raise some doubt as to the wisdom of this legislation, but no sufficient legal reason is advanced for striking it down. "The power to regulate elections is legislative, and has always been exercised by the law-making branch of the government. Error of judgment in the execution of the legislative power, or mistaken views as to the policy of the law, or the wisdom of the regulations, do not furnish grounds for declaring an election law invalid unless there is a plain violation of some constitutional requirement": Winston v. Moore, 244 Pa. 447, 454.

The principal contention of plaintiff is that the act in question constitutes an unreasonable restriction of the right of voters to nominate any person they choose for public office. But we have previously sustained the validity of legislation which prescribes conditions and qualifications for the nomination and election of candidates. The Act of June 14, 1935, is no more onerous than the Act of July 12, 1913, P. L. 719 (the Primary Election Act), and if the amendment is unconstitutional, the earlier act would likewise be invalid. But this is not so.

The Constitution does not specify what rights are guaranteed the people in respect to the exercise of the franchise other than to provide that "elections shall be free and equal; and no power, civil or military, shall at any time interfere to prevent the free exercise of the right of suffrage." The act in question does not conflict in any manner with this clause. The voters are deprived of no opportunity to elect a particular individual to office, for even though the members of one party are unable to vote for him at the primary because the candidate has filed with another party, they are still at liberty to cast their ballots for him at the general election.

The fact that candidates for the office of judge of a court of record are excluded from the requirements of the act does not make this special or class legislation. The same argument was advanced against the NonPartisan Ballot Act and rejected. See Winston v. Moore, supra.

For the reasons already indicated, we believe this act is valid and a proper exercise of the legislative control of elections.

The bill is dismissed at the costs of plaintiff.