346

## Pustel's Petition

*Carroll Caruthers*, for petitioner.
*Edward P. Doran*, contra.

WHITTEN, J., October 9, 1935. — On September 27, 1935, upon petition of three qualified electors of the election district known as the Borough of East Vandergrift, Westmoreland County, Pa., alleging that upon information which they considered reliable they believed that fraud was committed in the computation of the vote cast in the Borough of East Vandergrift, or in the marking of the ballots, or otherwise in connection with such ballots, at the primary election of the said election district on September 17, 1935, the court, as provided by the Act of April 23, 1927, P. L. 360, directed that the said ballot box of the said election district be brought into court and

opened and the entire vote thereof correctly counted, and appointed Avra N. Pershing, Jr., Robert M. Carson, and Louis Sensenich commissioners to assist in the counting of the said vote.

Thereafter the court caused the said ballot box to be opened and the ballots recounted as provided by the said act of assembly.

The ballot box opened as aforesaid contained three classes of official ballots, viz.:

"Official Republican Primary Ballot, East Vandergrift Borough, County of Westmoreland, State of Pennsylvania, Primary Election Held on Tuesday, September 17, 1935";

"Official Democratic Primary Ballot, East Vandergrift Borough, County of Westmortland, State of Pennsylvania, Primary Election Held on Tuesday, September 17, 1935"; and,

"Official Socialist Primary Ballot, East Vandergrift Borough, County of Westmoreland, State of Pennsylvania, Primary Election Held on Tuesday, September 17, 1935."

There was printed on each official primary ballot, the following instructions:

"Make a cross (X) in the square to the right of each candidate for whom you wish to vote. If you desire to vote for a person whose name is not on the ballot, write or paste his or her name in the blank space provided for that purpose."

There was printed on the Republican primary ballot the following:

"School Director—6 years (vote for one)
JOSEPH YAMBOR
ANSELM B. PUSTEL
School Director—4 years (vote for one)
J. P. SNYDER."

There was printed upon the Democratic primary ballot the following:

"School Director—6 years (vote for one)
JOHN FRANKO
School Director—4 years (vote for one)
—————.''

There was printed upon the Socialist primary ballot
the following:
"School Director—6 years (vote for one)

——————

School Director—4 years (vote for one)
—————.''

The said Anselm B. Pustel did not receive a plurality
of the votes for school director for the term of six years
upon the Republican primary ballot.

The said Anselm B. Pustel did receive a plurality of
the votes for school director for the term of four years
upon the Democratic primary ballot, and upon the So-
cialist primary ballot.

However, as above stated, the said Anselm B. Pustel's
name was not printed either upon the Democratic pri-
mary ballot, or upon the Socialist primary ballot. The
votes cast for the said Anselm B. Pustel for school direc-
tor for the term of four years on the Democratic primary
ballot and on the Socialist primary ballot were cast by
the voters pasting the name of Anselm B. Pustel in the
space provided therefor under the caption "School Di-
rector—4 years (vote for one).''

Counsel for the petitioners contend that the votes cast
for the said Anselm B. Pustel, as aforesaid, by means of
stickers placed upon the Democratic primary ballot and
upon the Socialist primary ballot, should not be counted
because (as counsel contends) the Act of June 14, 1935,
P. L. 337, prevents voters registered as Democrats or
Socialists to vote, by means of stickers, for any candidate
whose name is printed upon the Republican primary bal-
lot for the same office.

Section 6 of the Act of July 12, 1913, P. L. 719, as
amended by the said Act of 1935, sec. 1(b), provides,
inter alia:

"Each candidate for . . . any State, county, city, borough, incorporated town, township, school, or poor district office shall file, with his nomination petition, his affidavit stating his residence, . . . the name of the office for which he consents to be a candidate, . . . and . . . that he is not a candidate for nomination for the same office of any party other than the one designated in such petition. In no event, shall petitions of any candidates, . . . be accepted for filing for nomination by more than one party for the same office; in no event, shall the name of any person consenting to be a candidate for nomination for any one office, . . . be printed as a candidate for such office upon the official primary ballot of more than one party".

Section 8 of the Act of 1913, as amended by the Act of 1935, sec. 2, provides, inter alia:

"No nomination petition shall be refused or set aside except for . . . the fact that nomination petitions have been filed for printing of the name of the same person for the same office . . . upon the official ballot of more than one political party."

Section 5 of the Act of 1913 provides, inter alia:

"Official primary ballots for each party shall be prepared by the county commissioners. . . . The ballot for each party shall be in the following form:

"................Primary Ballot.

(Name of Party).

.....District, .....Ward, City of...................

County of.....................State of Pennsylvania.

"Primary held on the........day of........., 19...

"Make a cross (X) in the square to the right of each candidate for whom you wish to vote. If you desire to vote for a person whose name is not on the ballot, write or paste his name in the blank space provided for that purpose."

Section 5 of the above act has not been amended or otherwise changed by the legislature.

Thus it appears that sections 6 and 8 of the Act of

1913, as amended by the Act of 1935, prescribe the duties and the rights of the county commissioners; and also the rights and duties of persons who file petitions as candidates for nomination at a primary election.

The above statute, as amended, forbids a candidate to file petitions with the county commissioners for nomination by more than one political party for the same office; and also forbids the printing of the name of a candidate for nomination upon the official primary ballot of more than one political party.

However section 5 of the Act of 1913, which section has not been amended, prescribes the rights and duties of qualified voters, viz.: That if a voter desires to vote for a person whose name is not printed on the official primary ballot of the political party of which he is a member, such voter may write or paste the name of the person for whom he desires to vote in the blank space provided for that purpose.

The only question involved in Wilson v. Philadelphia et al., 319 Pa. 47, was whether the Act of 1935 was constitutional. No other question was involved, and no other question was decided, or could be decided, by the Supreme Court in that case.

In the instant case, the issue is not whether the legislature, in adopting the Act of 1935, exceeded its authority, but whether the legislature, either directly or indirectly, repealed section 5 of the Act of 1913.

Under the express provisions of section 5 of the Act of July 12, 1913, P. L. 719, an elector may vote for a person whose name is not printed on the ballot by writing or pasting the name of such person in the blank space provided for that purpose: In re "Liberal Party", 17 D. & C. 176. See also Henderson's Case, 222 Pa. 307.

In The Voter's Guide, Pennsylvania Election Law Revised 1935, it is stated as follows:

"The Party Raiding Act of June 14, 1935, P. L. 337, Act No. 154, does not affect the (November) election act wherein a candidate may become the nominee of more

than one party, and his name appear on the (November) election ballot as such. It may be possible for a candidate whose name is printed on the ballot of one party at the primary by action of the electors in writing his name on another party ballot (at the primary) or by the use of stickers to secure a majority vote for a particular office on the said other party ballot and thereby become the nominee for a given office on both party tickets."

Of course, the edition of The Voter's Guide is not a decision by a court; but this court is of the opinion that the authority therein cited is correct.

In the instant case, the name of Anselm B. Pustel was printed upon the official Republican primary ballot as a candidate for the office of school director for the term of six years. As above stated, he did not receive a plurality of the votes on that ticket. However, by means of stickers pasted upon the official Democratic primary ballot, said Anselm B. Pustel received a plurality of the votes cast for office of school director for the term of four years; and, also by the use of stickers, received a plurality of the votes cast for the office of school director for the term of four years upon the official Socialist primary ballot.

Thus it appears that the name of Anselm B. Pustel was not printed upon the official Republican primary ballot as a candidate for the office of school director for the term of four years.

After careful consideration, the court is of the opinion that, in the circumstances, said Anselm B. Pustel received a plurality of the votes legally cast for the office of school director for the term of four years, both on the official Democratic primary ballot, and on the official Socialist primary ballot.

### Decree

And now, October 9, 1935, the foregoing report of Robert M. Carson, Avra Pershing, Jr., and Louis Sensenich, who were appointed to count correctly the votes contained in the ballot box of the Election District of the

352

Borough of East Vandergrift, Westmoreland County, Pa., as cast at the primary election on September 17, 1935, being received—all the judges sitting as the court in banc concurring—the same is hereby confirmed, and, pursuant to the act of assembly in such cases made and provided, the court does hereby certify to the prothonotary of said county that substantial error was committed in the computation of the votes cast on the ballots contained in the said ballotbox, and directs the cash deposited with the prothonotary by the petitioners be returned to them; and further directs that the said report of computation of votes is hereby confirmed by this court and certified to the return board for the County of Westmoreland, Pa., and the said return board is directed to enter in the return the figures so certified and to correct accordingly any entries previously made in the papers being prepared by the said return board.

From William S. Rial, Greensburg.