Rowe *v.* Lloyd et al., Appellants.

Argued January 3, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*R. Lawrence Coughlin,* for appellants.

*Daniel J. F. Flood,* for appellee.

OPINION BY MR. JUSTICE HORACE STERN, March 20, 1944:

The question involved is the constitutionality of the Act of May 27, 1943, P. L. 747. That act provides that every person nominated at a primary election as the can-

didate of any political party for any office, who has not paid the fee required by Section 913 of the Act of June 3, 1937, P. L. 1333, for the filing of a nomination petition for such office, shall pay the amount of such fee to the State Treasurer or to the County Treasurer as the case may be, at least sixty-five days previous to the day of the general election, or at least twenty-five days previous to the day of the municipal election, at which the candidate's name would appear on the ballot; failure to pay the fee within the prescribed time shall result in a vacancy in such party nomination, to be filled in the manner provided for the filling of vacancies happening by reason of the death or withdrawal of a candidate.

This act of 1943 is an amendment to the Election Code of June 3, 1937, P. L. 1333, section 913 of which provides that every person filing a nomination petition shall pay, for each petition, at the time of filing, a prescribed filing fee either to the Commonwealth or to the County as the case may be, and no nomination petition shall be accepted or filed unless and until such fee is paid.

At a primary election held in Wilkes-Barre, Frank Rowe became the Democratic nominee for inspector of election in the 14th ward, 1st district. He had not filed a nomination petition, but was chosen as the result of "write-ins". Notwithstanding a refusal on his part to pay the fee required by Section 913 of the 1937 Act as extended by the Act of 1943, he obtained a peremptory mandamus from the court below to compel the Board of Elections of Luzerne County to place his name on the ballot for the municipal election, the court being of opinion that the Act of 1943 was unconstitutional.

We are not impressed by the reasons urged in support of Rowe's contention that the act is invalid. It does not violate the freedom and equality of elections prescribed in Article I, section 5, of the Constitution, for the legislature has the undoubted right to provide in what manner candidates shall be chosen and what names shall be printed on the ballot as a result of the primary: *Win-*

*ston v. Moore,* 244 Pa. 447, 91 A. 520; *Wasson v. Woods,* 265 Pa. 442, 109 A. 214; *Wilson v. Philadelphia,* 319 Pa. 47, 179 A. 553. Indeed Rowe concedes its power to prescribe a schedule of fees for the filing of nomination petitions; all that is required is that the fees be not unreasonable and that they bear some proper relation to either the regulation or the expense of elections; see *Keane v. Lawrence, Secretary of the Commonwealth,* 30 D. & C. 235. He contends, however, that the legislature cannot compel one *already nominated* by the electorate to pay a fee under penalty of having his nomination vacated, because a person so nominated has obtained a vested right which cannot be thus impaired; furthermore, that the act effects an inequality of treatment between one nominated by "write-ins" and one substituted by a party or political body as nominee to fill a vacancy occasioned by the death or withdrawal of a candidate. But the Act of 1943, so far from creating inequality among the candidates participating in the primary election, puts them all upon an identical basis by requiring each of them to pay the same fee as all others for the privilege of submitting his candidacy to the electorate. It is true that Rowe, having been chosen by "write-in" votes and without any nomination petition having been filed by him, did not present his candidacy to the voters before the time of the primary election. By accepting the nomination, however, after it was ascertained that he had received a majority of the votes cast, he ratified the action of the electorate with the same force and effect as if he had previously submitted his name for their approval, and there is no controlling distinction between one who announces his candidacy by the filing of a nomination petition and one who, after receiving the nomination, sanctions and confirms what the electorate have evidently regarded as his implied or "receptive" candidacy. The act thus treats alike all who benefited, or sought to benefit, whether expressly or otherwise, at the primary election, and such persons are properly differentiated

from "substituted" nominees, who, not having taken part in the primaries in any manner, obviously should not be subjected to the payment of fees in connection therewith. As to a nomination being a "vested" right, it is a right subject to reasonable regulations imposed by the legislature.

The order directing the issuance of the peremptory mandamus is reversed; costs to be paid by the appellee.