## Bobish v. Election Board of Beaver County

*David L. Gropp*, for plaintiff.

*John J. Hudacsek, Jr.*, for defendant.

*Robert J. Masters*, for election board.

PER CURIAM, October 26, 1973.—At the primary election held on May 15, 1973, defendant, John H. Bell, was the successful candidate for the Democratic Party nomination for mayor in the Borough of Monaca, Beaver County, Pa. Plaintiff, Joseph Bobish, the pres-

ent mayor, was an unsuccessful candidate for the same nomination. On September 14, 1973, Mr. Bobish filed a complaint in equity asking that Mr. Bell be enjoined from seeking the office of mayor and that the Election Board of Beaver County (election board) be enjoined from printing Mr. Bell's name on the official ballot for the general election to be held on November 6, 1973. Mr. Bobish alleges that some time after the primary election it came to his attention that Mr. Bell was not a resident of the Borough of Monaca and, therefore, was ineligible to hold the office of mayor. Defendants have filed preliminary objections claiming, inter alia, that plaintiff, Mr. Bobish, has failed to exercise or exhaust the statutory remedy available to him under section 977 of the Election Code of June 3, 1937, P.L. 1333, as amended, 25 PS §2937, and that the complaint for that reason must be dismissed.

Section 977 of the Election Code provides, in part, as follows:

"All nomination petitions and papers received and filed within the periods limited by this act shall be deemed to be valid, unless, within seven days after the last day for filing said nomination petition or paper, a petition is presented to the court of common pleas of the county in which the nomination petition or paper was filed, specifically setting forth the objections thereto, and praying that the said petition or paper be set aside."

The last day to file nominating petitions for the 1973 spring primary was March 28, 1973. Therefore, the last day for filing objections to such petitions and papers was April 4, 1973. However, plaintiff's complaint was not filed until some five months later, long after the seven-day period provided by section 977 had expired.

The requirement that such objections be filed within the seven-day time limit is mandatory. In a trilogy of cases decided by the Supreme Court of Pennsylvania on September 24, 1945, all involving the American Labor Party and some of its candidates, the court emphasized the mandatory nature of the seven-day requirement and the exclusiveness of the remedy provided by section 977. In American Labor Party Case, 352 Pa. 576 (1945), plaintiff filed a petition containing objections to the nominating petitions filed by certain candidates of the American Labor Party. The petition was filed on the seventh day prescribed by section 977 for filing such objections. However, plaintiff failed to serve a copy of the objections on the County Election Board until the following day, that is, the eighth day after the last day to file nominating petitions. The trial court dismissed the objections for plaintiff's failure to comply with the seven-day time limit contained in section 977. At pages 580 and 581, the court said:

"Appellant's contention that to hold the provision mandatory will permit the perpetration of a vicious fraud upon the public and rigidity of interpretation will foreclose flexibility of action would render the statute a nullity. Each failure to comply strictly would necessitate judicial determination of a reasonable time, under the circumstances, within which the required service must be made. Laxity and delay in perfecting appeals to the courts of common pleas would be encouraged. Matters of vital importance to our popular election system of government would be removed from the uniform and definite, and relegated to uncertainty dependent upon a question of degree and relative desirability. This the legislature has wisely foreclosed by enactment of the statute in question. Clearly, appellant's duty to serve a copy of the

petition upon the County Board of Elections within the time limit prescribed for the filing of the petition was mandatory. *This legislative mandate cannot be waived or dispensed with by the court. Appellant's contention that there has been substantial compliance is, therefore, without merit."* (Italics supplied.)

In Thompson v. Morrison, 352 Pa. 616 (1945), plaintiffs filed bills in equity claiming that defendant's nomination papers were defective and did not comply with the requirements of the Pennsylvania Election Code. Defendants filed preliminary objections and the bills were dismissed on the ground, among others, that plaintiffs had disregarded and not pursued the remedy provided by section 977 of the Election Code. The court said, at pages 622 and 623:

"Having concluded that plaintiffs have not shown the nomination papers to be void for want of adequate affidavits, we might leave the case. But as plaintiffs have attempted to justify their right to disregard the remedy provided by section 977, 25 PS section 2937, and to proceed by bill, and as defendant has insisted that nothing alleged in the bill can support that substitution of one remedy for the other, we must deal with plaintiffs' fourth contention quoted above.

"Equity has no jurisdiction in these cases. It is the duty of the legislature by appropriate legislation to provide regulations for elections to public office: Patterson v. Barlow, 60 Pa. 54, 75; Winston v. Moore, 244 Pa. 447, 91 A. 520; Wilson v. Phila., 319 Pa. 47, 179 A. 553. Such regulations are embodied in the Election Code of 1937 as amended, 25 PS section 2600 et seq. If the regulations provide, as they have provided, how alleged infractions of the election law shall be dealt with, the procedure must be followed. If, by inadvertence or other cause, a complaining citizen elects not to pursue the statutory remedy, he must fail

for want of compliance with the mandate of the legislature."

Finally, in the third case, Kane v. Morrison, 352 Pa. 611 (1945), plaintiffs requested the Supreme Court to take original jurisdiction and issue an injunction restraining the various defendants from placing defendants' names on the ballot as candidates of the American Labor Party. It was alleged that defendants' nominating papers were fraudulently executed. The court, in refusing to take original jurisdiction or issue any injunction, pointed out that plaintiff's failure to comply with the seven-day time requirement of section 977 was fatal to their subsequent claim for relief. There the court said, at pages 612 and 613:

"The Election Code as amended by the Act of July 28, 1941, 25 P.S. sec. 2936 (Pocket Part), provides a complete and adequate remedy available to any one who objects for any valid reason to any nominating petition filed by any persons or to nominations for public office of any persons under any party designation and who prays that the nomination petition or paper be set aside. Petitions filed in the Court of Common Pleas of Dauphin County within seven days after the last day for filing the nomination papers now challenged, specifically setting forth the objections thereto and praying that those petitions be set aside and complying otherwise with the applicable act, would have brought the question of the validity of these papers squarely before the court for appropriate judicial action.

"A court of equity is not a forum which may be resorted to by those who fail to avail themselves of the remedies provided by law for the vindication of rights which they allege have been violated. Since the establishment of courts of equity in this Commonwealth, resort to a court of equity has been uniformly and con-

sistently denied to those who neglect to invoke an adequate statutory remedy.

"The rule that equity will not grant relief where on the case stated there is a plain, adequate and complete remedy at law has been consistently adhered to and frequently reiterated. Where a remedy is provided at law it must be strictly pursued: Williamsport v. Citizens' Water and Gas Company, 232 Pa. 232; United Drug Co. v. Kovacs, 279 Pa. 132. It follows that the doors of a court of equity which would be closed to a vigilant litigant because he has a statutory remedy do not open to him upon his showing that he has ignored that remedy.

"The conclusion that this plaintiff has no standing to challenge in a court of equity the validity of these nominations is supported both by the long established principles governing the procedure in equity and also by the language of the Act of March 21, 1806, sec. 13, 4 Sm.L.326, 46 P. S. §156; Arna's Appeal, 65 Pa. 72; Ermine v. Frankel, 322 Pa. 70, 185 A. 269."

We are of the opinion that these three decisions make it clear that plaintiff's complaint in this case cannot be entertained, nor can the relief sought by him be granted. His failure to follow the provisions of section 977 of the Election Code has effectively barred him from receiving the relief he now seeks.

Plaintiff alleges in his complaint that he did not become aware of Mr. Bell's residence status until sometime after the primary election. Assuming this to be true, it does not justify his failure to follow the requirements of section 977. There is no averment in the complaint that he examined, or attempted to examine, the petitions during the seven-day period and there is no allegation that the true facts were concealed from him by fraud or otherwise. There is no contention in the complaint that diligent inquiry during the seven-

day period would not have turned up the facts he now believes to be true about Mr. Bell's residence. In Turtzo v. Boyer, 370 Pa. 526 (1952), plaintiff filed a bill in equity asking that the county commissioners be enjoined from printing the name of the successful candidate at the primary election on the ballot for the general fall election. Plaintiff's complaint was filed in the latter part of September. It was alleged that the successful candidate had not personally signed the candidate's affidavit and the circulators' affidavits were false. The court, in an opinion by Mr. Justice Musmanno, dismissed plaintiff's appeal from the trial court's adjudication in favor of defendants. The court, in pointing out that the seven-day requirement of section 977 is mandatory and cannot be waived, said:

"The appellant urges that this provision of the Election Code has no application where fraud is involved. The lower court did not decide whether the assumed facts with regard to the filing of the nomination petition, in themselves, constituted fraud, nor do we. It was established, however, that the plaintiff visited the office of the county Board of Elections and inspected the petition within the week after its filing. There is no evidence that anyone on behalf of McFall attempted to conceal the procedure which had been followed, it being simply asserted that his friends had acted under McFall's instructions and authorization in view of McFall's serious illness and hospitalization . . .

"The plaintiff contends,. however, that this rule does not apply where a fraud has been perpetrated since fraud vitiates the entire proceedings involved. But fraud when discovered must be acted upon with dispatch. It is not enough to allege fraud; it must be established that the perpetrator of the fraud made efforts to conceal the fraud if the statutory period for

appeal has expired. The lower court well expressed the principle involved here when it said: 'In an action based upon a fraud, the statute of limitations will run from the date of the fraudulent act complained of, unless such fraud has been actively concealed by the wrongdoer: Smith v. Blachley, supra.

" 'The application of the principle of laches is not postponed because of fraud or concealment of the wrongdoer in the original transaction; to excuse delay of the injured party in asserting his rights there must be an independent act of fraud or concealment which misled or prevented discovery. In determining whether the rights claimed should have been more promptly asserted, plaintiff is chargeable not only with what he knew but also with what he could have discovered with reasonable diligence: Barnes and Tucker Company v. Bird Coal Company, 334 Pa. 324.

" 'Assuming, as alleged, there were fraud in the execution of the affidavits to the instant nomination petition, *there was no independent act of fraud or concealment which misled plaintiff or prevented discovery.*' (Italics supplied.)

"There was no proof here, nor was any contention to that effect made, of any concealment of facts surrounding the execution of the affidavits. Where ignorance of rights or wrongs is relied on, to account for laches and failure to seek relief within the limitation provided by statute, it must be alleged and proved why the plaintiff was kept in ignorance, and why the facts could not have been discovered by the exercise of due diligence. '. . . the tendency of courts in recent years has been to hold the plaintiff to a rigid compliance with the law which demands, not only that he should have been ignorant of the fraud, but that he should have used reasonable diligence to have in-

formed himself of the fact.' (Patton et al v. Commonwealth Trust Co., Exr., 276 Pa. 95.)

"It is because the lawmakers of the State were aware of the inertia inherent in an unestimated percentage of the population, and the great harm which can be visited upon others because of that inertia, that it categorically established time limits for the various procedures required in the operation of the Pennsylvania Election Code. Unless time limits were set within which to challenge the results of elections, government would permanently sit on a shaky foundation, and the citizenry would never be certain of the identity of the office-holder chosen to direct and operate the complex activities of the State, County and Municipality. Civilization must protect itself from the sluggard, as well as from the evildoer. The lazy railroad watchman, who fails to lower a safety gate in time, can inflict as much harm on innocent passengers as the bandit who holds up the train.

"Whatever rights accrued to the plaintiff in the irregularities he claims against his opponent, were dissolved by him in the alembic of his own indecision."

Having concluded that plaintiff's failure to comply with the seven-day requirement of section 977 of the Election Code, and his failure to aver in his complaint any sufficient legal or equitable grounds for his failure to do so, effectively bar his right to relief in this case, we make the following

ORDER

Now, October 26, 1973, defendant's preliminary objections are sustained. Plaintiff's complaint is dismissed.