Triumph Hosiery Mills, Inc., Appellant, *v.* Commonwealth of Pennsylvania, Appellee.

Argued June 5, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Harry J. Rubin,* with him *Krekstein, Rubin & Lasday,* for appellant.

*Eugene J. Anastasio,* Deputy Attorney General, for appellee.

*Jack H. Harper,* with him *Samuel C. Harry,* and, of counsel, *Morgan, Lewis & Bockius,* for amicus curiae, Brown & Williamson Tobacco Corporation.

*N. David Rahal,* with him *Roy J. Keefer,* and *Metzger, Hafer, Keefer, Thomas and Wood,.* for amicus curiae, Chicago Bridge & Iron Company.

*Robert L. Weldon,* with him *Sherill T. Moyer, Frank A. Sinon,* and *Rhoads, Sinon & Reader,* for amicus curiae, American Can Company.

OPINION BY PRESIDENT JUDGE BOWMAN, September 5, 1975:

Triumph Hosiery Hills, Inc. (appellant) is a New York corporation which transacts a part of its business in Pennsylvania. By exercising its privilege to engage in business within this state, appellant is necessarily subject to the imposition of the Pennsylvania corporate net income tax.[1]

Subsequent to appellant's filing of its Pennsylvania corporate net income tax return for the year ending December 31, 1971, the Department of Revenue disagreed with the method employed by' appellant in the computation of its tax liability, and settled the tax due to a higher amount. This action precipitated administrative review procedures culminating in the rejection of appellant's contentions.[2] Hence this appeal. It is before us on stipulated facts which we adopt in this de novo appeal.

_____

1. Article IV of the Tax Reform Code of 1971, Act of March 4, 1971, P.L. 6, *as amended,* 72 P.S. §7401 et seq., henceforth referred to as Code.

2. The procedures for settlement, resettlement and review are set forth in section 407 of the Code, *as amended,* 72 P.S. §7407.

The Pennsylvania corporate net income tax is measured upon a tax base of "taxable income" which is defined in limine as the "taxable income for the calendar year or fiscal year as returned to and ascertained by the Federal Government. . . ."[3] There follow several provisos which are not germane to this controversy. The last sentence of section 401(3)1 is one of two statutory focal points of the parties' dispute.

> "In arriving at 'taxable income' for Federal tax purposes . . . any corporate net income tax due to the Commonwealth pursuant to the provisions of this article shall not be allowed as a deduction and the amount of corporate net income tax so due and excluded from Federal taxable income under the Internal Revenue Code shall not be apportioned but *shall be subject to tax at the rate imposed under this article.*" (Emphasis added.)

Initially, this provision requires taxpayers to "add-back," to their federal taxable incomes, the deductions taken on their federal returns for the Pennsylvania corporate net income tax.[4] Appellant disputes neither the clear meaning of this "add-back" requirement, nor its validity under constitutional principles. Rather, the parties disagree as to the appropriate time at which the federal deduction should be "added back" in computing the Pennsylvania tax base.

It cannot be gainsaid that the proscription against apportionment of the "add-back" is glaringly inappropriate within the context of section 401(3)1, since that

---

3. Section 401(3) 1 of the Code, *as amended*, 72 P.S. §7401(3) 1.

4. This perhaps resounds in confusion but, presumably, in computing their federal deductions for state taxes, corporate taxpayers approximate their potential liabilities for the Pennsylvania corporate net income tax. Then, to determine their actual liabilities for the Pennsylvania tax, section 401(3)1 requires the taxpayers to return this approximation to the tax base.

subsection, by its *own* terms of introduction, refers only to corporations whose *entire* business is transacted in Pennsylvania. The concept of apportionment, for state tax purposes, is meaningless when applied to purely local corporations. In fact, appellant contends that, in view of its placement, the proscription against apportionment is so meaningless that we should simply deem it a legislative aberration, and ignore its existence. Appellant buttresses this contention by reference to the second statutory focal point of the parties' dispute, the language of section 401(3)2:

> "In case the entire business of any corporation . . . is not transacted within this Commonwealth, the tax imposed by this article shall be based upon *such portion of the taxable income of such corporation . . . as defined in subclause 1 hereof. . . .*"[5] (Emphasis added.)

Appellant argues that *because* section 401(3)2 defines the "taxable income" of multistate corporations in terms of "such portion of the taxable income . . . as defined in subclause 1 [section 401(3)1]," and that *because* the "add-back" of the federal deduction for the Pennsylvania corporate net income tax is an integral part of the subclause 1 definition of "taxable income," that, *therefore,* said "add-back," as well as the other components of the subclause 1 definition, must be apportioned in computing appellant's Pennsylvania taxable income. We agree with appellant's premises, but not with its conclusion.

Despite its (mis-)placement in section 401(3)1, we feel that the proscription against apportionment of the federal deduction/"add-back" cannot be disregarded in deference to appellant's perception of the "clear intent"

---

5. 72 P.S. §7401(3)2. The remainder of section 401 delineates the factors to be utilized in determining the proper portion of the taxable income of a multistate corporation to be allocated to Pennsylvania.

of section 401(3)2. Rather, when read in conjunction with subclause 2 (section 401(3)2), the proscription against apportionment leads us to the opposite conclusion. We agree that the "add-back" of the federal deduction for the Pennsylvania corporate net income tax does become incorporated into subclause 2 by the latter's reference to "taxable income . . . as defined in subclause 1," but we cannot, as appellant has so conveniently done, terminate our analysis at that point. The proscription against apportionment is *also* an integral part of the subclause 1 definition of "taxable income," and must *also* be incorporated by reference into subclause 2. Thus, while subclause 2 provides a *general* license to a multistate corporation to apportion its "taxable income . . . as defined in subclause 1," that same definition of "taxable income" contains a *specific* prohibition against the apportionment of one component of said taxable income, namely, the "add-back" of the federal deduction of the Pennsylvania corporate net income tax. Even assuming that the two subclauses produce an irreconcilable conflict in their directions, the specific prohibition against apportionment must prevail over the general license to apportion.[6]

Therefore, we adopt the Commonwealth's interpretation of sections 401(3)1 and 401(3)2. When computing its tax base for purposes of the Pennsylvania corporate net income tax, a corporation whose entire business is *not* transacted in Pennsylvania may apportion its taxable income except insofar as said taxable income represents the "add-back" of that corporation's federal tax deduction for the Pennsylvania corporate net income tax.

Anticipating the possibility that this Court might so conclude, appellant also raises a multifaceted constitutional objection to the statute as so construed. Citing the

---

6. Section 1933 of the Statutory Construction Act of 1972, 1 Pa. C.S. §1933.

uniformity clause of the Pennsylvania Constitution,[7] and the federal equal protection, due process and commerce clauses,[8] appellant contends that a denial of apportionment, even as to only a single component of the statutorily defined tax base, renders the Pennsylvania corporate net income tax constitutionally infirm.

We need not address each of the four constitutional principles asserted. Within the parameters of this controversy they are collectively directed to the same question: Whether by denying a multistate corporation the right to apportion the "add-back" of the federal deduction for the Pennsylvania corporate net income tax, do sections 401(3).1 and 401(3)2 create two distinct classes of taxpayers, and thereby discriminate against multistate corporations?

The purposes of apportionment, on a constitutional level, are to prevent any single state from taxing more than its just share of a multistate corporation's income or property, and to preclude state government partiality towards purely intrastate interests. The proscription against allocation of the federal deduction/"add-back" frustrates neither purpose, and, in fact, affords a buffer against prospective allegations of reverse discrimination.

The constitutional principles here raised dictate that all components of a particular tax base which are uniquely local in character are properly and constitutionally within the potential ambit of local taxation. In many cases, this "localism" is predetermined by the situs of the tax base component (*e.g.* real property taxes) or by the restricted bounds of the taxpayer's domain (*e.g.* all of the taxpayer's business transacted solely within the taxing state), and resort to more detailed analysis becomes unnecessary. However, in local tax situations

---

7. Pa. Const. art. VIII, §1.

8. U.S. Const. amend, XIV, §1 (equal protection and due process) and U.S. Const. art. I, §8, cl. 3 (commerce).

involving multistate enterprises, such further analysis often becomes constitutionally and practically imperative and, as in the case of the Pennsylvania corporate net income tax, the formulation of equitable and mathematically sound apportionment formulae is presumed to be the procedure most apt to satisfy this imperative. In other words, the practical goal of apportionment is to localize that which is not local by its very nature and, in so doing, to minimize or eliminate the potential for constitutional deficiency within a particular tax scheme. Where a particular component of a particular tax base has been localized prior to the application of apportionment formulae, apportionment serves no constitutional purpose, and may prove constitutionally debilitating.

Sections 401(3)1 and 401(3)2 require that the federal deduction for only the *Pennsylvania* corporate net income tax be returned to the base figure of federal taxable income in computing the taxable income for application of the Pennsylvania tax. Thus, this particular component has been localized prior to the application of the appropriate apportionment formulae. Apportionment has occurred in the first instance, that is, at the time when the multistate corporate taxpayer determines what portion of its *total* federal deduction for state taxes represents the *Pennsylvania* corporate net income tax. Further apportionment of this particular component of the tax base would be nugatory under the mandates of both the Pennsylvania and Federal Constitutions, and would likely have negative repercussions. Local corporations, who are expressly required to include 100% of their federal deductions for the Pennsylvania corporate net income tax within the tax base, could identify a "double apportionment" so afforded multistate corporations as a clear violation of the very same constitutional provisions (excepting the commerce clause) here propounded by appellant.

In conclusion, the failure of the Pennsylvania corporate net income tax to provide for the apportionment of the federal deduction for said tax is not violative of either the Pennsylvania or Federal Constitutions. On the contrary, this proscription guarantees equality of treatment to both local and multistate corporations subject to the tax.

Accordingly, we enter the following

### ORDER

Now, September 5, 1975, unless exceptions are filed hereto within thirty (30) days, the Chief Clerk is hereby directed to enter judgment against Triumph Hosiery Mills, Inc. and in favor of the Commonwealth, in the amount of $159,764.58. The Chief Clerk is further directed to mark said judgment "satisfied" inasmuch as the full amount of said judgment has been paid by Triumph Hosiery Mills, Inc.