# Marshall Auto Company, Inc. Appeal

*Kenneth G. Biehn,* for appellant.

*Jeffrey F. Bahls,* contra.

WALSH, JR., J., July 14, 1972.—This is an appeal from the refusal of the Quakertown Borough Zoning Hearing Board to grant a variance. At a conference pursuant to Rule 27C(2) it was agreed that no supplementation of the record is necessary and that the matter may be adjudicated by the assigned judge. Appellant, a new car dealer, wishes to erect at his place of business four signs as follows:

Two signs 4′ × 5′6″ standing 12′ high

One sign 1′ 11⅞″ × 7′ 11″ standing 7′ 11″ high

One sign 4′ × 30′ standing 30′ 5″ high.

The signs are sought to be erected on Route 309, at 550 South West End Boulevard, Quakertown, Bucks County, Pa. According to the zoning map, the premises are located in a "C-3" district.

Because of the fact that there are 225 feet of frontage on the premises, the applicable provisions of the sign ordinance provide that the maximum area allowed for free-standing signs would be 112½ square feet, and that no free-standing signs shall be erected to a height in excess of 20 feet.

Therefore, appellant is seeking an area variance from 112½ square feet to 179¾ square feet and a height variance from 20 feet to 30 feet 5 inches on one of the signs. Appellant also seeks a zero foot setback, and the applicable provisions of the ordinance state that the setback must be 10 feet.

Our review of the decision of the board where the record has not been supplemented is limited to a determination of whether an abuse of discretion or an error of law has been committed: Concord Township Appeal, 439 Pa. 466, 469 (1970). An applicant for a variance has the burden of proving: (1) Unnecessary hardship which is unique or peculiar to

his property as distinguished from the hardship arising from the impact of the zoning act or regulations in the entire district; and (2) that the proposed variance is not contrary to the public safety, health, morals, or general welfare: Walter v. Philadelphia Zoning Board of Adjustment, 437 Pa. 277 (1970).

Appellant states in its brief that the central issue is whether the stated hardship is established by evidence that appellant will be prevented from using signs manufactured according to specifications prepared by American Motors. The board's answer to this position was that it cannot be bound by height limitations which the manufacturer may choose to specify.

In the two decisions we have found involving the narrow question of whether sign size and set-back restrictions may constitute an unnecessary unique or peculiar hardship, the courts in both instances upheld the zoning boards' denial of the variances on the ground that financial hardship of this kind is not of itself sufficient to require the granting of a variance: Faber v. Springettsbury Township Zoning Board, 83 York 13 (1969); Branch Motor Express v. Zoning Board, 33 Lehigh 40 (1968). Under the facts of the instant case, we cannot say that the board's eight numbered conclusions constitute an abuse of discretion. Appellant expresses a fear that it will lose what it calls its corporate identify unless it can have the particular signs requested. Apparently, the board did not accept this as a fact, and we think with good reason.

## ORDER

And now, July 14, 1972, the appeal of Marshall Auto Company, Inc., from the order of the zoning hearing board is denied, and the said order is affirmed.