364 A.2d 919

TRIUMPH HOSIERY MILLS, INC., Appellant,

v.

COMMONWEALTH of Pennsylvania.

Supreme Court of Pennsylvania.

Argued May 3, 1976.

Decided Oct. 8, 1976.

Harry J. Rubin, Harrisburg, for appellant.

Eugene J. Anastasio, Deputy Atty. Gen., Harrisburg, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

JONES, Chief Justice.

██ The Pennsylvania corporate net income tax, Act of March 4, 1971, P.L. 74, No. 2, art. IV, § 401 *et seq., as amended,* 72 P.S. § 7401 *et seq.,* is imposed on corporations transacting business within the Commonwealth. It is levied for the privilege of doing business in Pennsylvania. *Turco Paint & Varnish Co. v. Kalodner,* 320 Pa.

421, 184 A. 37 (1936). The tax base, called "taxable income," for computation of the tax is, essentially, federal taxable income to which the taxpayer "adds-back" any deduction for the Pennsylvania corporate net income tax taken on the federal return. Section 401(3)1 of the Act, *supra*, 72 P.S. § 7401(3)1. Corporations transacting their entire business in the Commonwealth apply the tax rate to all their "taxable income," while those which are not purely local are taxed on only the portion of "taxable income" attributable to the state. This latter figure is determined through application of an apportionment percentage. Section 401(3)1, 2, *supra*, 72 P.S. § 7401(3)1, 2. In this appeal we are asked to decide whether a corporation whose entire business is not transacted in Pennsylvania may apportion that part of its tax base which represents the corporation's federal tax deduction for the Pennsylvania corporate net income tax.

The appeal is before us on an agreed stipulation of facts. Appellant, Triumph Hosiery Mills, Inc., is a New York corporation authorized to do business in Pennsylvania. During 1971 it engaged in business activity in Pennsylvania and was liable for Pennsylvania corporate net income tax. In its tax report for that year, appellant arrived at its tax base by adding to federal taxable income the amount of Pennsylvania corporate net income tax deducted on its federal income tax return. Appellant then apportioned the sum of these two items.

This computation was disputed by the Pennsylvania Department of Revenue and Department of the Auditor General. The two departments first applied appellant's apportionment percentage to federal taxable income. Then, the whole deduction for Pennsylvania corporate net income tax was "added-back" in order to arrive at "taxable income." The method employed by the Commonwealth yielded $6,484.02 more in taxes.

Thereafter, appellant filed a Petition for Resettlement which was refused. It then filed a Petition for Review

with the Board of Finance and Revenue which was also refused, two members of the Board dissenting. On appeal to the Commonwealth Court appellant was again denied relief. This appeal followed.

Section 401(3) of the taxing statute provides:

" 'Taxable income.'

1. In case the entire business of the corporation is transacted within this Commonwealth, for any taxable year which begins on or after January 1, 1971, taxable income for the calendar year or fiscal year as returned to and ascertained by the Federal Government. . . . In arriving at 'taxable income' for Federal tax purposes for any taxable year beginning on or after January 1, 1971, any corporate net income tax due to the Commonwealth pursuant to the provisions of this article shall not be allowed as a deduction and the amount of corporate net income tax so due and excluded from Federal taxable income under the Internal Revenue Code *shall not be apportioned* but shall be subject to tax at the rate imposed under this article.

2. In case the entire business of any corporation . . . is not transacted within this Commonwealth, the tax imposed by this article shall be based upon such portion of the taxable income of such corporation for the fiscal or calendar year, *as defined in subclause 1 hereof* . . . ." (Emphasis supplied.)

This statute, like every enactment of the legislature, must be analyzed in accordance with the established rules of statutory construction. Particularly pertinent to the determination at hand is the principle "that a taxing statute must be strictly construed and any doubt or uncertainty as to the imposition of a tax must be resolved in favor of the taxpayer." *Commonwealth v. Rieck Investment Corp.*, 419 Pa. 52, 59, 213 A.2d 277, 281–82 (1965); Statutory Construction Act of November

25, 1970, P.L. 707, added December 6, 1972, P.L. 1339, § 3, 1 Pa.C.S.A. § 1928(b)(3). Of equal importance is the presumption "[t]hat the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable." Statutory Construction Act, *supra*, 1 Pa.C.S.A. § 1922(1). All the language of a statute must be given effect. "The Legislature cannot be deemed to intend that its language be superfluous and without import." *Daly v. Hemphill*, 411 Pa. 263, 273, 191 A.2d 835, 842 (1963). Additionally, it is mandatory, where possible, that we construe conflicting general and special provisions of a statute so that both may be given effect. Statutory Construction Act, *supra*, 1 Pa.C.S.A. § 1933; *Appeal of Yerger*, 460 Pa. 537, 543, 333 A.2d 902 (1975); *Duquesne Light Co. v. Borough of Monroeville*, 449 Pa. 573, 298 A.2d 252 (1972). Finally, because appellant attacks the constitutionality of Section 401(3) as construed by the Commonwealth, we are mindful of our duty "to declare a statute constitutional if this can reasonably be done." *Commonwealth v. Girard Life Insurance Co.*, 305 Pa. 558, 566, 158 A. 262, 264 (1932). It is presumed "[t]hat the General Assembly does not intend to violate the Constitution of the United States or of this Commonwealth." Statutory Construction Act, *supra*, 1 Pa.C.S. § 1922(3).

■ Our analysis begins with subclause 2 because appellant's business is not strictly local. Subclause 2 of the statutory definition contains a general direction to apportion "taxable income" *"as defined in subclause 1. . . ."* (Emphasis supplied.) It is clear, therefore, that the tax base definition in subclause 1 applies to *all* corporations transacting business in Pennsylvania.*

---

* Subclause 3 of Section 401 provides:
    "In case the entire business of a corporation which has filed a timely election and has qualified to be taxed as a regulated investment company under the provisions of the Internal Revenue Code of 1954, as amended, is not transacted within this

■ Turning to subclause 1, we find that the federal tax deduction for Pennsylvania corporate net income tax is included in "taxable income," but in plain and specific language the subclause provides that the "add-back" *"shall not be apportioned.   . . . ."* (Emphasis supplied.)   For corporations transacting business entirely in Pennsylvania this prohibition against apportionment is idle language.   All the "taxable income" of such a corporation is subject to the state tax.   *Commonwealth v. Northern Metal Co.*, 416 Pa. 75, 204 A.2d 467 (1964), *cert. denied*, 380 U.S. 944, 85 S.Ct. 1026, 13 L.Ed.2d 963 (1965).   As President Judge Bowman observed in the opinion of the court below, "The concept of apportionment, for state tax purposes, is meaningless when applied to purely local corporations." *Triumph Hosiery Mills, Inc. v. Commonwealth*, 21 Pa.Cmwlth. 186, 189, 343 A.2d 710, 712 (1975).   To escape superfluity, then, the prohibition must be construed, if possible, as a specific limitation on the general right to apportion granted in subclause 2 and available to corporations transacting business in Pennsylvania as well as in other states.

We conclude that such a construction is both possible and proper.   We hold, pursuant to Sections 401(3)1 and 401(3)2, that the tax base of a corporation which does not transact its entire business in Pennsylvania must include, without apportionment, the corporation's federal tax deduction for the Pennsylvania corporate net income tax.   Our reading of the statute comports with the language and intent of the legislature and lends to it an impact which is unassailable on constitutional grounds.

■ Apportionment is a necessary incident of the state's taxation of a multistate corporation.   As we ex-

Commonwealth, the tax imposed by this article shall be based upon such portion of the taxable income   . . .   *as defined in subclause 1   . . . ."*
72 P.S. § 7401(3)3.   (Emphasis supplied.)

plained in *Commonwealth v. Rieck Investment Corp., supra*:

> "It is well settled that state taxation of a foreign corporation's intrastate business activities must proceed along such lines as not to infringe upon the due process, the interstate commerce or equal protection clauses of the United States Constitution. State taxation cannot reach income or property derived from business activities conducted by foreign corporations outside the state's border and over which the state has no jurisdiction. To satisfy the constitutional requirements and yet to permit states to tax foreign corporations on a basis which would bear a fair relation to the amount of local business done within their borders, the so-called apportionment or allocation formulas were devised . . . ."

419 Pa. at 57–58, 213 A.2d at 281. Obviously, those elements of a foreign corporation's tax base which are fairly allocable to the taxing state without apportionment need not be apportioned prior to imposition of the tax. The federal tax deduction "add-back" is such an element. It represents only the corporate net income taxes due on the *portion* of "taxable income" related to business activity in *Pennsylvania*. In short, it is but a percentage of Pennsylvania income. Every corporation transacting business in the Commonwealth may be taxed on 100% of this localized element of the tax base. The result is non-discriminatory and uniform, as required by Article VIII, § 1, of the Pennsylvania Constitution: "The rate used . . . is the same for all corporations. The tax base to which this rate is to be applied is also identical. *It is the net income attributable to this state.*" *Turco Paint & Varnish Co. v. Kalodner*, 320 Pa. 421, 426, 184 A. 37, 40 (1936) (emphasis supplied). *See also Columbia Gas Transmission Corp. v. Commonwealth*, 468 Pa. 145, 360 A.2d 592 (1976).

The Order of the Commonwealth Court is affirmed.