Thomas Pierce, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

508

Submitted on briefs, June 26, 1979, to President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT, DISALLE, CRAIG and MACPHAIL.

*Barry H. Denker,* with him *Mary McNeill Greenwell,* for petitioner.

*Stephen J. Mascherino,* Assistant Attorney General, with him *Robert A. Greevy,* Assistant Attorney General, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, October 17, 1979:

On January 18, 1979, Thomas Pierce (Petitioner) filed with us a Petition for Review of the order of the Pennsylvania Board of Probation and Parole (Board)

which revoked his parole on December 7, 1978. The Board filed an answer with new matter. Petitioner's reply to the new matter admits that he was convicted of the following crimes: (1) aggravated robbery on November 4, 1968; (2) burglary, larceny, conspiracy and receiving stolen property on December 18, 1968; (3) a firearms violation on September 6, 1972; (4) bank robbery on January 15, 1973; and (5) a firearms violation on April 4, 1973. In its pleadings the Board admits that Petitioner's revocation hearing was held before only three of the five Board members and does not deny Petitioner's averment that there was no testimony presented before the Board of Petitioner's prior criminal activities, but denies Petitioner's averment that he requested a hearing before the "entire Board" as distinguished from the "full Board." In response to Petitioner's averment that the Board did not consider evidence of his rehabilitation presented at the hearing, the Chairman of the Board, Fred W. Jacobs, has filed an affidavit stating that he and the other two members of the Board did consider this evidence. The Board has filed a motion for judgment on the pleadings which has been submitted to us on briefs.

Petitioner's Petition for Review states the following objections to the Board's order:[1] (1) Petitioner's parole revocation hearing before only three of the five Board members did not comply with his request for a full Board hearing and thus deprived him of due process; (2) the Board did not consider evidence of Petitioner's rehabilitation during the six and one-half

---

[1] In his brief Petitioner raises additional objections, including a claim that he is entitled to receive credit for time spent in prison because of the Board's detainer and for time spent on parole in good standing. The Board's brief does not address these objections and neither shall we, since they were neither included in the stated objections in the Petition for Review nor fairly comprised therein. Pa. R.A.P. 1513(a).

years that he served in federal prison following his criminal activities; (3) no evidence was presented at the revocation hearing of the pattern of serious crimes on which the Board based its decision; and (4) the Board abused its discretion and subjected Petitioner to cruel and unusual punishment by scheduling his parole for review in October of 1980. In this motion for judgment on the pleadings we must bear in mind that the Board admits the truth of Petitioner's averments and the untruth of any of its own averments which Petitioner has denied. *Tate v. Pennsylvania Board of Probation and Parole,* 40 Pa. Commonwealth Ct. 4, 396 A.2d 482 (1979).

Admittedly, there is some language in *Commonwealth ex rel. Rambeau v. Rundle,* 455 Pa. 8, 314 A.2d 842 (1973), and *Commonwealth ex rel. Powell v. Aytch,* 10 Pa. Commonwealth Ct. 218, 309 A.2d 734 (1973), which could lead one to believe that all five members of the Board must be present for a revocation hearing. However, we hold that such language was dicta only and not binding on us in the present case. Section 4 of the Act of August 6, 1941 (Act), P.L. 861, *as amended,* 61 P.S. §331.4, authorizes a *majority* of the Board to revoke the parole of any person.[2] We fail to see how any of Petitioner's constitutional rights are violated by the mandate of the statute. Our Supreme Court in the *Rambeau* case held that a hearing before a third party designated by the Board or before just one member of the Board violated the Parolee's constitutional right to due process of law. In the instant case, three members of the Board heard the case as provided by law. We hold that a hearing before a quorum of the Board satisfies due process requirements. In any event, we may not declare Section 4 unconstitutional unless it clearly, palpably and plainly violates the con-

---

[2] 37 Pa. Code §71.4(9) requires no more.

stitution. *Abraham v. Shapp*, 484 Pa. 573, 400 A.2d 1249 (1979). Here, we find that Petitioner's arguments fail to meet that heavy burden.

We are not disposed to inquire whether the Board considered the evidence of Petitioner's rehabilitation which was before it in reaching its decision in the absence of something more than a bare allegation that the Board did not consider the evidence. Although the order of the Board does not indicate whether the Board considered this evidence, we are satisfied by the Chairman's affidavit stating that it did. See K. DAVIS, ADMINISTRATIVE LAW OF THE SEVENTIES, §§11.00, 11.04 (1976).

Since no record was made of Petitioner's revocation hearing, we cannot determine whether the Board had any evidence of criminal activity before it on which to base its decision. However, we need not decide whether it was proper for the Board to officially notice public records of Petitioner's convictions. *See* 42 Pa. C.S. §6103 et seq. Since Petitioner admits these convictions in his answer to the Board's new matter, we hold that if the Board erred in this regard, it was harmless error.

Section 11 of the Act, 61 P.S. §331.22, is a complete answer to Petitioner's claim that he was harmed by the Board's decision not to review his case sua sponte until October of 1980. Section 11 places no restrictions on Petitioner's right to apply for parole in the interim and imposes a duty on the Board to consider such applications.

There remains the question of whether the Board's motion can be granted in view of alleged disputes over material issues of fact raised by the pleadings. Specifically, Petitioner argues that the Board's denial of his averment that the Board failed to take into consideration his institutional adjustment and the Board's failure to deny his averment that there was

512

no evidence of a pattern of serious crimes presented at his revocation hearing raise genuine issues of material fact. We have already dealt with the substance of those issues and we now hold that, viewing the pleadings as a whole, there is no issue of disputed fact to be resolved. Petitioner also contends that his denial of two allegations in the Board's "New Matter" constitutes a genuine issue of material fact barring judgment on the pleadings. Here we need only observe that it is only dispute as to *material* issues of fact which bar summary judgments. The facts disputed by the Petitioner simply are not material to any of the critical issues raised by Petitioner in his petition for relief. To put it another way, if these disputed issues were resolved in Petitioner's favor, he would be denined relief, nevertheless. Finally, Petitioner disputes the Board's calculations of "backtime" but since the Petition for Review did not raise the issue of "backtime" (see footnote 1) we must hold again that the dispute does not concern a *material* fact.

ORDER

AND Now, this 17th day of October, 1979, the motion of the Pennsylvania Board of Probation and Parole for judgment on the pleadings is granted.