548 A.2d 1300

Appeal of R.C. Maxwell Company From Decision of Warminster Township Zoning Hearing Board. R.C. Maxwell Company, Appellant.

Appeal of R.C. Maxwell Company From Decision of Warminster Township Zoning Hearing Board. R.C. Maxwell Company, Appellant.

*David H. Moskowitz,* for appellant,

*Stephen B. Harris, Harris and Harris,* for appellee.

OPINION BY JUDGE DOYLE, October 6, 1988:

R.C. Maxwell Company (Maxwell) appeals from two orders of the Court of Common Pleas of Bucks County, which affirmed decisions of the Warminster Township Zoning Hearing Board (Board) denying Appellant variances to erect two billboards in Warminster Township (Township). The appeals have been consolidated for argument in this court. We affirm.

Maxwell is in the outdoor advertising business. In 1985, Appellant leased two parcels of land in the Township in order to erect two billboards, which would have carried both commercial and non-commercial advertising. One parcel is located at the intersection of Street and Jacksonville Roads, while the other is at the corner of Street Road and Hardman Lane. Both parcels are zoned C-Commercial and are currently being used as gas stations.

At the Jacksonville Road location Maxwell wished to erect a double faced, free-standing, off-premises bill-

board twenty feet tall, with a sign area twelve feet high by twenty-five feet wide; a total sign area of 300 square feet. This size billboard would require a size variance, since Section 1802(2)(b)(1) of the Township zoning ordinance limits the sign area of off-premises signs, such as billboards, to 200 square feet.

The Hardman Lane billboard would also be a double-faced, free-standing, off-premises billboard with a twelve foot by twenty-five foot sign area, but would sit atop a twenty foot tall pole, making the billboard thirty-two feet in height. This billboard would not only require a size variance because of its nonconformity with Section 1802(2)(b)(1), but also a height variance, since Section 1802(2)(b)(5) limits the height of off-premises signs to thirty feet.

Subsequently, Maxwell applied to the Board for required special exceptions to allow it to erect the billboards, and variances from the size and height requirements. After a hearing, the Board found that Maxwell had not demonstrated its entitlement to the variances, nor had it shown that it had satisfied the requirements of either of the two Township special exception regulations, Sections 1806 and 2205 of the Township zoning ordinance. The common pleas court affirmed the Board's decision without taking additional evidence. This appeal followed.[1]

Maxwell's first two arguments, regarding the special exception, turn on whether Section 1806(3) of the Township zoning ordinance improperly shifts the burden of

---

[1] Our scope of review in a zoning case, when the common pleas court takes no additional evidence, is limited to determining whether the zoning hearing board committed an error of law or abused its discretion. *Valley View Civic Ass'n v. Zoning Board of Adjustment*, 501 Pa. 550, 462 A.2d 637 (1983). A zoning hearing board abuses its discretion when its factual findings are unsupported by substantial evidence.

proof to Maxwell regarding the need to show detriment to the public health, safety or welfare. Maxwell's first contention is that Section 1806(3) shifts the burden of proof to it regarding the need to prove detriment to the public health, safety and welfare. It contends this burden shifting constitutes an insurmountable burden for an applicant to satisfy and, thus, constitutes a *de facto* exclusion of billboards from the Township. *See Serafini v. Taylor Borough Council,* 36 Pa. D. & C. 3d 339 (1985). Maxwell's second contention is that this alleged shifting of the burden of proof is violative of our decision in *Bray v. Zoning Board of Adjustment,* 48 Pa. Commonwealth Ct. 523, 410 A.2d 909 (1980). To better understand Appellant's contentions, it is helpful to review the steps necessary to erect a billboard in the Township.

Section 1801(9) of the Township zoning ordinance requires anyone wishing to erect an off-premises sign, such as a billboard, to obtain a special exception. Section 2205(c) of the ordinance sets out the general requirements and standards applicable to all special exceptions, and directs the Board to grant a special exception only if it determines, *inter alia,* the proposed use and location would be:

> (2)  in the best interest of the Township, the convenience of the Community, the public welfare, and be a substantial improvement to the property in the immediate vicinity;
>
> . . . .
>
> (4)  *in conformance with all applicable requirements of this Ordinance;*
>
> . . . .
>
> The Zoning Hearing Board may impose whatever conditions regarding layout, circulation, and performance it deems necessary to insure that any proposed development will secure substan-

tially the objectives of this Ordinance. (Emphasis added.)

Section 1806, which pertains specifically to signs, adds additional limitations to the grant of special exceptions for signs. It pertinently provides:

1. Any signs not otherwise provided for herein are permitted only by special exception when authorized by the Zoning Hearing Board in accordance with the provision of Section 2206.

2. The Zoning Hearing Board shall find, before granting a special exception that:

a. the proposed sign shall comply with all of the general sign regulations of Section 1804.

b. The proposed sign shall carry a Certificate of Insurance, submitted to the Building Inspector, in the amount of $200,000 and $400,000 liability and $50,000 property damage.

3. *The burden of establishing that a special exception should be granted and that it will not be injurious to the public interest is on the applicant.*

4. The Zoning Hearing Board shall have the power to impose such restrictions on the hours of operations of an animated sign, the hours in brightness of illumination of a sign, the location of the sign, the size and height of the sign, etc., which may be more restrictive than the general performance standards found in Section 1804, if the Board finds such restrictions to be in the public interest. (Emphasis added.)

The learned trial judge cogently explicated the law regarding special exceptions and the shifting burdens of proof as applied to the present case as follows:

The applicant for a special exception has both the duty of initially presenting evidence and the burden of persuading the fact finder that

the use proposed satisfies the specific or objective requirements of the ordinance for the grant of a special exception. Keystone Chemical Company, Inc. v. Zoning Hearing Board of Butler Township, 90 Pa. Commonwealth Ct. 213, 215, 494 A.2d 1158, 1159 (1985). An applicant, by showing that the proposed use is permitted by special exception and that it complies with the specific requirements of the ordinance, identifies the proposal as one which the municipal legislative body has determined to be appropriate in the district and, therefore, presumptively consistent with the health, safety and general welfare of the Community. Kern v. Zoning Hearing Board of Township of Tredyffrin, 68 Pa. Commonwealth Ct. 396, 401, 449 A.2d 781 (1982). . . .

The criteria set forth in Section 1806-3 and 2205(c) are for the most part general, nonobjective standards. The persuasion burden and duty of going forward with the evidence as to such general standards, is on the objectors unless the ordinance expressly shifts to the applicant the persuasion burden concerning the detrimental effect upon community health, safety and welfare. Keystone Chemical Co., Inc. v. Zoning Hearing Board of Butler Township, 90 Pa. Commonwealth Ct. 213, 216, 494 A.2d 1158, 1159 (1985). The sections at issue do place the burden upon the applicant to persuade the fact finder of the absence of detrimental effect upon public interests. The evidence presentation duty, however, must remain upon the objectors. Kern v. Zoning Hearing Board of Township of Tredyffrin, 68 Pa. Commonwealth Ct. 396, 402, 449 A.2d 781, 782 (1982). This duty requires that the ob-

jectors raise specific issues concerning the proposal's general detrimental effect on the community before the applicant is required to persuade the fact finder that the intended use would not violate the health, safety and welfare of the community. Bray v. Zoning Board of Adjustment, 48 Pa. Commonwealth Ct. 523, 529, 410 A.2d 909, 912 (1980).

At the hearing, only one Warminster Township resident, Raymond Reagan, opposed the erection of the billboards. Reagan expressed his concern that the Jacksonville Road billboard was in the flight path of aircraft approaching the Warminster Naval Air Development Center. He also testified to his belief that the residents in and around the area of Street Road and Hardman Lane did not appove of the proposed billboard at that site.

Trial court opinion at 8-9, 11-12.

Appellant contends that Section 1806(3) *shifts the burden of proof* to the applicant for a billboard in contravention of *Bray*. Section 1806(3) is silent, however, as to which burden, proof or persuasion, it is referring. Ambiguous provisions of zoning regulations, such as here, must be interpreted so as to permit the widest use of land. *Council of Middletown Township v. Benham*, 514 Pa. 176, 523 A.2d 311 (1987); *Mitchell Energy Corp. v. Zoning Hearing Board of Summerhill Township*, 108 Pa. Commonwealth Ct. 113, 529 A.2d 585 (1987). Moreover such regulations, like statutes, must be interpreted so as to uphold their legality, when this can reasonably be done. *Triumph Hosiery Mills, Inc. v. Commonwealth*, 469 Pa. 92, 364 A.2d 919 (1976), *appeal dismissed*, 429 U.S. 1083 (1977). Consequently, the burden to which Section 1806(3) refers must be construed as that of persuasion. However, this

burden of persuasion shifts to an applicant only when a protestant raises specific issues as to the proposed use's general detrimental effect upon the community. *Bray.*

The trial court in this case held that the Board committed an error of law when it shifted the persuasion burden to Appellant regarding the Hardman Lane billboard, due to the fact that the only evidence presented by the protestant in this case, Raymond Reagan, was speculation that other Township residents opposed erection of the billboard. The court further ruled that the Board properly shifted the burden of persuasion to prove the Jacksonville Road billboard was not a potential safety hazard. While we find the trial court's ruling with regard to the Hardman Lane billboard correct, we think it erred with regard to the Jacksonville Road site. "Substantial evidence" means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Valley View Civic Ass'n v. Zoning Board of Adjustment,* 501 Pa. 550, 462 A.2d 637 (1983). The entire sum of protestant's testimony regarding the Jacksonville Road billboard was as follows:

> The Witness: One of the signs is located on the southwestern corner at Street and Jacksonville Road, directly in the flight path of approaching aircraft for the Warminster Naval Air Development Center. The proposed [billboard] is to be ten feet above the ground and then I believe it is ten feet above that for the sign itself.
>
> Mr. Hodgkinson:[2] More than that, 12.
>
> The Witness: The height of 22 foot, 10 and 12, has any consideration been given to federal regulations or NADC approval for that sign?

---

[2] Mr. Hodgkinson is a member of the Warminster Township Zoning Hearing Board (Board).

Mr. Hoffman:[3]   Are you absolutely certain that would be in the flight path?

The Witness:   I am also in the flight path Mr. Hoffman. A good point. The flight path goes, do you have the township map?

Mr. Hodgkinson:   How high is your house?

The Witness:   My house is, I think since January it has been shelled a couple of times.

Mr. Hodgkinson:   It is dead center of the runway.

The Witness:   How about that, if you look at things differently. This is the area where I reside on Juniper Street and the aircraft come around here and line up directly with the runway and you will see that.

I can also say as a matter of record that I sat at the intersection on previous occassions (sic) when the aircraft have been flying extremely low and that the aircraft do operate in foggy weather as well. So there is a very serious safety consideration here.

Mr. Allen:[4]   I suggest that at 22 feet high with a lighted sign would do nothing but help the aircraft finds [sic] its way in.

The Witness:   I would prefer to hear the navy's opinion on that.

[N.T. 60-62]. This testimony is speculative and, thus, insufficient to satisfy protestant's evidentiary burden. *See Bureau of Corrections v. City of Pittsburgh*, 516 Pa. 75, 532 A.2d 12 (1987); *Zajac v. Zoning Hearing Board of Mifflin Township*, 41 Pa. Commonwealth Ct. 7, 398 A.2d 244 (1979).

---

[3] Mr. Hoffman is the Board solicitor.

[4] Mr. Allen is a Board member.

The fact that the Board and the trial court erred in this case, however, does not require a reversal, since we find, as did the trial court, that any error committed by the tribunal under review was harmless error.[5] Section 2205(c)(4) requires that the special exception application be "in conformance with all applicable requirements of this Ordinance." In this case, Appellant sought a size and height variance for the Jacksonville Road billboard, and a size variance for the Hardman road site. In order to qualify for a variance an applicant must satisfy the stringent standards of Section 912 of the Pennsylvania Municipalities Planning Code,[6] 53 P.S. §10912. The requirements of Section 912 can be summarized as follows: (1) the property must possess unique physical circumstances; (2) circumstances, in combination with the zoning ordinance must cause unnecessary hardship—an unreasonable inhibition of usefulness of the property; (3) the hardship must not be self-inflicted; (4) the granting of a variance must not have an adverse impact on the public health, safety and welfare; and (5) the variance sought must be the minimum variance that will provide relief. *Jenkintown Towing Service v. Zoning Hearing Board of Upper Moreland Township,* 67 Pa. Commonwealth Ct. 183, 446 A.2d 716 (1982). The only relevant testimony presented as to factors one and two regarding the height and size variance was that the billboard size of 12' x 25' was standard in the industry and that the height variance was required because Maxwell felt that it "should go a little higher because there is another on premise sign next to that and we would block the visibility and that sign would block ours if we built less than 20 feet." [N.T. 12]. This evidence is clearly insufficient to sustain the granting of a variance; the mere fact

---

[5] The trial court affirmed the decision of the Board to deny Maxwell's request for variance and the special exceptions.

[6] Act of July 31, 1968, P.L. 805, *as amended.*

that a municipal zoning ordinance does not permit the use of standardized signs is insufficient to constitute unique hardship. *See Marshall Auto Co., Inc. Appeal,* 57 Pa. D. & C. 2d 373 (1972).

Since Maxwell does not qualify for the height and size variances, its two applications did not satisfy the requirments of Section 2205(c)(4). Therefore, the Board acted properly in denying the special exceptions.

At oral argument, Maxwell argued that the Board was required to consider Maxwell's billboard applications as if they conformed with the ordinance's requirements. We think our recent statement in *Mehalic v. Westmoreland County Tax Claim Bureau,* 111 Pa. Commonwealth Ct. 398, 534 A.2d 157 (1987) aptly meets this contention as " '[t]he bare statement of the proposition is strongly persuasive, if not conclusive, of its want of merit.' " *Id.* at 402, 534 A.2d at 158 (quoting *Miller v. Windsor Water Co.,* 148 Pa. 429, 439, 23 A. 1132, 1133 (1892)).

We now turn to Maxwell's constitutional contention. Four of Maxwell's constitutional arguments are: (1) that the ordinance unduly burdens commercial speech; (2) that it unduly burdens noncommercial speech; (3) that it is overbroad; and (4) that it is a prior restraint upon free speech. None of these issues was raised before the Board or, as far as we can tell, to the trial court, and, thus, they are waived. Pa. R.A.P. 302(a); *Overstreet v. Zoning Hearing Board of Schuylkill Township,* 49 Pa. Commonwealth Ct. 397, 412 A.2d 169 (1980). Additionally, Maxwell's brief nowhere indicates where these issues were raised below, and thus it has not complied with Pa. R.A.P. 2117(c).

The fifth constitutional issue is that the zoning ordinance unconstitutionally treats on-premises and off-premises signs differently. Maxwell argues that the ordinance allows on-premises signs, which by definition in

the ordinance seems to apply only to commercial advertising, as a matter of right, whereas it allows off-premises signs, which by ordinance definition applies to signs which advertise "other than the business transacted . . . on the premises" (therefore including non-commercial speech) by special exception, thus, impermissibly discriminating between the two types of speech, commercial and non-commercial. Maxwell's argument goes astray, generally, however, in not recognizing that the grant of a special exception *is* a matter of right, albeit conditioned, *see Archbishop O'Hara's Appeal*, 389 Pa. 35, 131 A.2d 587 (1957), and specifically in not appreciating that Maxwell was denied a special exception only because he was not entitled to a variance on grounds that had nothing to do with the exercise of free speech or the content of the message that is placed on the sign. Maxwell would have us resolve that once an advertiser determines to exercise his freedom of expression in the non-commercial area, there can be no bounds on the size of the message or where the sign bearing the message is placed. The trial court rejected such an argument and we do likewise.

Accordingly, since we have found no reversible error, the orders of the Court of Common Pleas of Bucks County are affirmed.

## ORDER

The orders of the Court of Common Pleas of Bucks County, in the above-captioned matter are hereby affirmed.

This decision was reached prior to the resignation of Judge MACPHAIL.